NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-9                                          Appeals Court

LINDA BRENNAN  vs.  THOMAS F. FERREIRA & others.[1]


No. 22-P-9.

Bristol.     November 14, 2022. – February 17, 2023.

Present:  Green, C.J., Vuono, & Brennan, JJ.


Damages, Interest.  Interest.  Practice, Civil, Interest.
     Corporation, Stockholder's derivative suit.



Civil action commenced in the Superior Court Department on
April 25, 2013.

The case was heard by Thomas F. Maguire, Jr., J.


Samuel M. Pollack for the plaintiff.
Richard M. Bennett for the defendants.


GREEN, C.J.  In this appeal from a judgment of the Superior

Court, the plaintiff, Linda Brennan, contends that the trial

judge erred in refusing her request for statutory prejudgment

interest on damages awarded to her.  We agree that the judge

---

[1] Barbara J. Ferreira, Land Locker, Inc., and F & B
Rubberized, Inc.

should have awarded statutory prejudgment interest, and vacate the judgment.[2]

Background.  We summarize the facts found by the trial judge following a jury-waived trial (which the parties do not dispute on appeal), together with certain other undisputed background facts appearing in the record.

Beginning in the early 1970s, Brennan and her then husband were in business with the defendants Thomas F. Ferreira and Barbara J. Ferreira.  Each couple owned fifty percent of the stock of two corporations:  (1) F & B Enterprises, Inc. (F & B Enterprises), and (2) Land Locker, Inc. (Land Locker), which owned the property on which F & B Enterprises operated.  As time went on, the couples decided to separate their business interests.  In 1995, the Brennans transferred their stock in both F & B Enterprises and Land Locker to each corporation in exchange for an agreement (stock purchase agreement) by each corporation to make future payments.[3]

In 2000, F & B Enterprises filed for bankruptcy and was liquidated and dissolved, without fully compensating Brennan.  Land Locker also failed to pay Brennan as agreed.  Meanwhile,

---

[2] We also agree with Brennan that the judge made a computational error in determining the amount of damages.

[3] Sometime thereafter, Brennan acquired her husband's interest in the stock purchase agreements through the couple's divorce.

following the bankruptcy of F & B Enterprises, the Ferreiras formed a new corporation, the defendant F & B Rubberized, Inc. (Rubberized), which began to operate its business on Land Locker's property without paying rent.

In 2006, Brennan brought an action against the Ferreiras and Land Locker, claiming that they were in breach of the stock purchase agreements.  A judgment entered in favor of Brennan, who was given the choice either to receive money damages or to reclaim fifty percent of the stock of Land Locker.  Brennan opted for the latter choice, and reclaimed her share of Land Locker stock in March 2009.  However, the Ferreiras remained in control of Land Locker, continued to operate Rubberized on Land Locker's property without paying rent, and failed to make any distributions to Brennan.[4]

In 2013, Brennan commenced the present action, which included a derivative claim on behalf of Land Locker.[5]  At Brennan's request, a receiver was appointed to liquidate Land

---

[4] Land Locker also owned some residential rental properties, and the Ferreiras collected rents from those tenants without depositing the money into a Land Locker bank account.

[5] In addition to the derivative claim, Brennan asserted eight other claims.  Only two of Brennan's claims went to trial: her derivative claim and a claim for breach of fiduciary duty. Brennan's appeal focuses on her derivative claim.  While she argues that she was also entitled to statutory prejudgment interest on the damages awarded on her breach of fiduciary duty claim, those damages were not distinct from the damages on her derivative claim, and we need not reach the question.

Locker's assets. In May 2017, the receiver issued his final accounting. After payment of certain tax liabilities, Land Locker had a liquidation account balance of $427,782.50. The receiver disbursed an advance of $200,000 from the liquidation account to Brennan, and deposited the remainder with the court pending the outcome of the case. Also in May 2017, the derivative claim was tried before a Superior Court judge, who ruled in Brennan's favor. The judge found that the Ferreiras owed Land Locker $523,831.50, derived from $628,831.50 in unpaid rent, less two credits totaling $105,000.[6] The judge accordingly awarded Brennan fifty percent of $523,831.50, reflecting her fifty percent interest in Land Locker, but then applied against that amount the $200,000 previously distributed to Brennan from the liquidation account.[7]

Discussion. 1. Prejudgment interest. We first consider Brennan's claim that she was entitled to statutory prejudgment interest on the damages awarded on her derivative claim.[8] Citing

---

[6] One credit, for $80,000, reflected the amount the Ferreiras spent maintaining and repairing Land Locker's property. The other credit, for $25,000, reflected the amount the court ordered the Ferreiras to pay in back rent to fund the receivership.

[7] The judge also awarded Brennan $121,205.16 in attorney's fees and receiver's fees, and that award is not in dispute.

[8] Prejudgment interest is authorized at the rate of twelve percent per annum (i) for tort claims, see G. L. c. 231, § 6B; (ii) for contract claims where the contract rate has not been

International Bhd. of Elec. Workers Local No. 129 Benefit Fund v. Tucci, 476 Mass. 553, 557 (2017), and Merola v. Exergen Corp., 423 Mass. 461, 464 (1996), the judge declined to award statutory prejudgment interest on the basis that a derivative suit is based in equity and that, therefore, the litigation did not result in damages.[9]

At the outset, we observe that damages provide "compensation for loss." Governo Law Firm LLC v. Bergeron, 487 Mass. 188, 199 (2021), quoting 3 D.B. Dobbs, Law of Remedies § 12.1(1), at 9 (2d ed. 1993). Not all forms of monetary relief are compensatory and, accordingly, not all monetary awards are considered damages. Governo Law Firm LLC, supra. "A monetary award based on disgorgement of profits, for example, is measured by the defendant's gain, rather than by the plaintiff's loss," and would not be considered damages. Id.

---

established, see G. L. c. 231, § 6C; and (iii) "[i]n any other action in which damages are awarded, but in which interest on said damages is not otherwise provided by law," G. L. c. 231, § 6H.

[9] The judge also stated that the Ferreiras paid $80,000 in repairs that was credited against the unpaid rent, see note 4, supra, and that because "[t]he evidence before the court [did] not allow the court to determine when the [Ferreiras] paid that money . . . the court was unable to compute a fair amount of interest on rents that should have been, but were not, paid to Land Locker." At oral argument, counsel for Brennan represented that the full $80,000 credit could be applied at the commencement of the running of the statutory prejudgment interest. On remand, that is how the credit shall be applied.

The question concerning Brennan's monetary award, and whether it constituted damages, arises from the fact that, prior to the merger of law and equity, "distinct complaints at law and in equity were required depending on the relief sought." Aggregate Indus.-Northeast Region, Inc. v. Hugo Key & Sons, Inc., 90 Mass. App. Ct. 146, 151 n.7 (2016). In general terms, a plaintiff could obtain damages through an action at law or could obtain other relief through an action in equity, but only if the recovery of damages was inadequate. See H.J. Alperin, Summary of Basic Law § 10:11 (5th ed. 2017). See also J.R. Nolan & L.J. Sartorio, Equitable Remedies § 1.3 (3d ed. 2007). In this historical context, shareholder derivative actions were devised in equity so shareholders could obtain an array of remedies to protect against "the misfeasance and malfeasance of 'faithless directors and managers.'" International Bhd. of Elec. Workers Local No. 129 Benefit Fund, 476 Mass. at 557, quoting Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 95 (1991).

However, the procedures for bringing actions at law and in equity have long since merged, and a plaintiff may now "seek legal and equitable relief simultaneously." Reporter's Notes to Mass. R. Civ. P. 2, Massachusetts Rules of Court, at 3 (Thomson Reuters 2022). In light of the merger of law and equity,

nothing prevented Brennan from seeking damages through a derivative claim; indeed, that is precisely what she did.

In substance, Brennan alleged that Rubberized owed rent to Land Locker that the Ferreiras improperly withheld.  Whether viewed as a quasi contract claim based on Rubberized's receipt of a benefit or as a tort claim based on the Ferreiras' breach of a fiduciary duty, the relief that Brennan requested was compensation for lost income in the form of unpaid rent.  See, e.g., HRPT Advisors, Inc. v. MacDonald, Levine, Jenkins & Co., 43 Mass. App. Ct. 613, 627-628 (1997) (damages may include amounts for unpaid rent).  Moreover, the form of the action as a derivative suit derived solely from the fact that, due to her partial, noncontrolling interest in Land Locker, Brennan was required to assert her claim for unpaid rent by means of that procedural vehicle; had Brennan held control of Land Locker, Land Locker could have pursued the claim for unpaid rent directly as a garden variety contract (or quasi contract) claim. The mere fact that the vehicle to pursue an award of damages is based in equity, rather than law, does not mean that the resulting loss recovery does not constitute damages, to which statutory prejudgment applies; indeed, it is settled that claims for damages based in quantum meruit or unjust enrichment, both based in equity, are eligible for statutory prejudgment interest.  See Zabin v. Picciotto, 73 Mass. App. Ct. 141, 155-

156 (2008) (quantum meruit). See also, e.g., <u>Suominen</u> v. <u>Goodman Indus. Equities Mgt. Group, LLC</u>, 78 Mass. App. Ct. 723, 728 n.5 (2011) (unjust enrichment). Accordingly, the monetary relief awarded to Brennan through her derivative claim constituted damages, and she was entitled to statutory prejudgment interest on those damages, running from the commencement of the action.[10]

2. <u>Calculation of damages</u>. We likewise agree with Brennan that the judge made a mathematical error in his calculation of damages. Through this action, Brennan sought her share of two pools of money: (1) Land Locker's liquidated assets and (2) Land Locker's net damages on Brennan's derivative claim for unpaid rent. The claim for unpaid rent was not included within the receiver's final accounting of Land Locker's liquidated assets. However, instead of awarding Brennan her share of both pools of money, the judge awarded Brennan her fifty percent share of Land Locker's damages on the claim for unpaid rent

---

[10] Under G. L. c. 231, §§ 6B and 6H, the interest begins to run from the commencement of the action. Under G. L. c. 231, § 6C, the interest begins to run from the breach or demand or, if the date of the breach or demand has not been established, from the commencement of the action. As Brennan does not argue that G. L. c. 231, § 6C, specifically, applies, the interest shall begin to run from the commencement of the action. We also note that statutory prejudgment interest applies only to that portion of the award that is based on Brennan's derivative claim for unpaid rent, and not on her share of the Land Locker liquidation proceeds.

only, and then subtracted from that amount Brennan's $200,000 advance from the liquidation account.[11]  We conclude that Brennan was entitled to fifty percent of Land Locker's liquidated assets (i.e., $427,782.50), and fifty percent of Land Locker's net damages on Brennan's derivative claim for unpaid rent (i.e., $523,831.50), less the $200,000 previously advanced from the liquidation account.[12]

Conclusion.  The judgment is vacated, and the matter is remanded for the recalculation of damages and entry of a new judgment consistent with this opinion.

So ordered.

---

[11] The Ferreiras argue, generally, that the judge had broad equitable powers to determine damages, but the Ferreiras do not offer any reasoned basis why Brennan was not entitled to her share of both pools of money.

[12] As noted earlier, Brennan is also entitled to $121,205.16 in attorney's fees and receiver's fees that are not in dispute. See note 7, supra.